## Meitzler v. Meitzler

*Theodore R. Gardner*, for plaintiff.

*Thomas J. Calnan*, guardian ad litem, for defendant.

Koch, J., June 3, 1958.—The wife defendant in this action of divorce is a mental patient at the Allentown State Hospital. The report of the master recommending a decree in divorce indicates that plaintiff has complied with the procedural requirements and we do not hesitate to accept the master's findings of facts and the conclusions of law with respect to the merits of this case. A study of the testimony, however, persuades us that the learned master did not have suffi-

cient evidence before him to enable us to make disposition of the problem of permanent alimony.

The first paragraph of The Divorce Law of May 2, 1929, P. L. 1237, sec. 45, 23 PS §45, provides as follows:

"In case of the application of a husband for divorce from an insane wife, the court, or the judge thereof to whom the application is made, shall have power to decree alimony for the support of such insane wife during the term of her natural life, by requiring the libellant to file a bond, with surety or sureties if necessary, in such sum as he or it may direct, conditioned as aforesaid, before granting the divorce."

It is true that this statutory provision vests discretionary power in the court: Hedderick v. Hedderick, 163 Pa. Superior Ct. 564; 2 Freedman, Law of Marriage and Divorce in Pennsylvania, §474. However, the record does not establish the present financial status of plaintiff to enable us to arrive at a conclusion. The testimony indicates that plaintiff is a steel worker, "not exactly a laborer," but fails to reveal his earnings. Moreover, the records of the court of quarter sessions, referred to in the testimony, indicate that an order for the support of defendant and a minor child was entered as of no. 7-A, January sessions, 1949. Plaintiff was ordered to pay the weekly sum of $12.50. Upon the admission of defendant to the Allentown State Hospital, plaintiff discontinued paying this amount except for the sum of $6 per week for the support of his child. No revision of the order with respect to the wife appears on the records.

The guardian ad litem who was appointed by the court interviewed various members of the staff of the hospital and his report with respect to the mental status of defendant is not open to criticism. With regard to the financial situation the only testimony

of the guardian ad litem is as follows: ". . . Also at the aforesaid date and place, I spoke to Mr. L. Clair Sandt, who is the revenue agent with an office at the Allentown State Hospital, who, in speaking for and in behalf of the Commonwealth, indicated he had no objection to this divorce being granted."

If Mr. Sandt or any other representative of the Department of Revenue was able to shed light on the problem before us, his testimony should have been taken or some additional data might have been secured by the guardian to enable the master to make specific findings in this realm of the case.

We find it necessary to return this case to the master for the purpose of making findings to aid us to determine whether permanent alimony should be decreed.

*Order*

Now, June 3, 1958, the within case is returned to the master for the purpose of taking such testimony as will enable him to make findings with respect to permanent alimony.